**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-7196**

DAVID LEE SMITH,

        Petitioner - Appellant,

    v.

RICK JACKSON,

        Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief District Judge.  (5:06-cr-02061-BO)

Submitted:  January 22, 2019               Decided:  January 25, 2019

Before MOTZ, KEENAN, and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

David Lee Smith, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Lee Smith seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b) motions seeking reconsideration of the court's order denying relief on his 28 U.S.C. § 2254 (2012) petition. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on June 13, 2018. The notice of appeal was filed on September 7, 2018.[*] Because Smith failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny leave to proceed in forma pauperis and dismiss the appeal. We deny Smith's motions for release and to construe the appeal as a certificate of appealability, and deny his petitions for writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).